UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| HARRY JAVAHERPOUR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case Nos. 4:04-cv-38 / 4:01-cr-11 |
| | ) | Judge Edgar |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM  AND  ORDER

Petitioner Harry Javaherpour ("Javaherpour"), a federal prisoner, filed a *pro se* motion for post-conviction relief under 28 U.S.C. § 2255.  The United States of America opposes the motion.

The Court referred the case to Magistrate Judge Susan K. Lee for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  On January 22, 2007, Magistrate Judge Lee submitted a report and recommendation. [Doc. No. 12].  Magistrate Judge Lee makes the following recommendations: (1) that all claims in the § 2255 motion, including the motion for an evidentiary hearing, be denied and dismissed with prejudice; (2) that Javaherpour's request to stay and hold this § 2255 proceeding in abeyance pending decisions by the Supreme Court of the United States in other, different cases be denied; (3) that any application by Javaherpour for leave to proceed on appeal *in forma pauperis* be denied; and (4) that if Javaherpour timely files a notice of appeal from this Court's final judgment in this 28 U.S.C. § 2255 proceeding, such notice be treated as an application for a certificate of appealability under 28 U.S.C. § 2253(c) and denied.

Javaherpour objects to the report and recommendation.  He made a partial response to the

report and recommendation, and also requested an extension of time to supplement and complete his objections [Doc. No. 13] which request was granted. Javaherpour has now filed his supplemental response setting forth his objections. [Doc. No. 15].

After reviewing the record *de novo*, the Court concludes that Javaherpour's objections to the report and recommendation are without merit and are **DENIED**. The Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1).

## I.   Ineffective Assistance of Counsel Claim:  "Uncalled" Witnesses at Trial

The Court takes this opportunity to supplement and clarify the report and recommendation on one issue. In a vague and conclusory manner, Javaherpour contends that he was deprived of his Sixth Amendment right to effective assistance of counsel because his attorney did not subpoena unnamed witnesses to appear at the trial whose testimony would have been favorable to the defense. Javaherpour states that if this Court would hold an evidentiary hearing in the instant § 2255 proceeding, then Javaherpour could subpoena those witnesses to appear and give the testimony that the witnesses were prepared to give during the trial. [Doc. No. 15, p. 2].

The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall have the right to assistance of counsel for his defense. In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established a two-part test for deciding claims of ineffective assistance of counsel.

First, Javaherpour is required to demonstrate that his attorney's performance was deficient, i.e. fell below an objective standard of reasonableness. Id. at 687-88; *Sowell v. Bradshaw*, 372 F.3d 821, 836-37 (6th Cir. 2004); *Wickline v. Mitchell*, 319 F.3d 813, 819 (6th Cir. 2003). This Court's scrutiny of the reasonableness of defense counsel's performance is highly deferential. Counsel is

strongly presumed to have rendered adequate legal assistance and to have made all decisions in the exercise of reasonable professional judgment and sound strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90 (strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance); *Sowell*, 372 F.3d at 837; *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *Wickline*, 319 F.3d at 819; *Skaggs v. Parker*, 235 F.3d 261, 268 (6th Cir. 2000); *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).

The second prong of the *Strickland* test requires Javaherpour to demonstrate that his counsel's deficient performance caused actual prejudice to his case. *O'Hara*, 24 F.3d at 828; *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993). The prejudice component focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or renders the trial fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 356, 369 (1993); *Skaggs*, 235 F.3d at 270. The Court must determine whether the performance of Javaherpour's counsel was so deficient and ineffective that defeat was snatched from the hands of probable victory. *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996); *Lewis*, 11 F.3d at 1352; *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc).

To satisfy the prejudice element, Javaherpour must show there is a reasonable probability that, but for the errors and deficient performance of his counsel, the result of the trial would have been different and more favorable to him. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Strickland*, 466 U.S. at 693-94; *Campbell*, 364 F.3d at 730; *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Mason*, 320 F.3d at 617; *Wickline*, 319 F.3d at 819; *Skaggs*, 235 F.3d at 270-71; *Austin*, 126 F.3d at 848.

Javaherpour cannot satisfy either prong of the *Strickland* test. The problem is that Javaherpour does not bother to identify any of these alleged "uncalled" witnesses, and he fails to provide any specific details about what each witness would have testified to at the trial. The Court concludes that Javaherpour is not entitled to an evidentiary hearing on this matter because he fails to meet his burden of making a reasonable threshold showing that he has a viable claim of ineffective assistance based on a theory of "uncalled" witnesses.

Complaints of ineffective assistance of counsel based upon uncalled witnesses are not favored in federal habeas review because mere unsupported, unsubstantiated allegations about what testimony potential witnesses might have given at trial are far too speculative. Any allegations about possible testimony that might have been offered by witnesses who were not called at trial are viewed with great caution. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002); *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001); *United States v. Luciano*, 158 F.3d 655, 660 (2nd Cir. 1998); *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986); *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978); *Talley v. United States*, 2006 WL 3422997, * 9 (E.D. Tenn. Nov. 27, 2006); *Lopez v. United States*, 2006 WL 2404048, * 24 (N.D. Ohio Aug. 18, 2006).

To present a viable ineffective assistance of counsel claim based upon an alleged failure of his defense counsel to call a witness to testify at trial, Javaherpour is required to make an affirmative showing as to the identity and availability of the witness to testify, the specific details of the substance of what the witness would have testified to at trial, and there is a reasonable probability or likelihood that the testimony of the uncalled witness would have produced a different, more favorable result at the trial. *Talley*, 2006 WL 3422997, at * 9; *Lopez*, 2006 WL 2404048, at * 24;

*Koetjo v. Stovall*, 2006 WL 2365132, * 6 (E.D. Mich. Aug. 15, 2006); *Malcom v. Burt*, 276 F. Supp.2d 664, 679 (E.D. Mich. 2003); *Dell v. Straub*, 194 F. Supp.2d 629, 650 (E.D. Mich. 2002); *United States ex rel. Jones v. Chrans*, 187 F. Supp.2d 993, 1009 (N.D. Ill.), *aff'd*, 49 Fed. Appx. 623 (7th Cir. 2002). This Javaherpour has failed to do.

In sum, this Court will not hold an evidentiary hearing based on the purported potential testimony of uncalled witnesses where Javaherpour has not identified the witnesses and has not submitted sworn affidavits from them. The burden is on Javaherpour to show there is a genuine need for an evidentiary hearing. At the very least, Javaherpour must identify and submit affidavits from the uncalled witnesses stating whether they were in fact available to appear at the criminal trial and give material testimony favorable to Javaherpour's defense. In the absence of such affidavits from uncalled witnesses, the Court cannot accept and rely on Javaherpour's bare, conclusory allegations which appear to be nothing more than speculation and rank conjecture. This is patently insufficient to make a threshold showing that testimony from uncalled witnesses would have substantially changed the outcome of the trial in Javaherpour's favor. *Cockrell*, 720 F.2d at 1427; *Talley*, 2006 WL 3422997, at * 10.

Moreover, the decision whether to call a witness to testify at trial is a matter of strategy that falls squarely within defense counsel's domain. As discussed *supra*, the Court's scrutiny of defense counsel's performance is highly deferential. Javaherpour's trial counsel is strongly presumed to have rendered adequate legal assistance, and to have made all decisions in the exercise of reasonable professional judgment and sound trial strategy. *Nix*, 475 U.S. at 165; *Strickland*, 466 U.S. at 689-90; *Skaggs*, 235 F.3d at 268. Javaherpour has not come forward with any probative proof, i.e. sworn affidavits from uncalled witnesses, to rebut the presumption. *Talley*, 2006 WL 3422997, at * 10.

## II.     Conclusion

Accordingly, the motion for post-conviction relief brought by Harry Javaherpour under 28 U.S.C. § 2255 shall be **DENIED and DISMISSED WITH PREJUDICE.**  His request for an evidentiary hearing is **DENIED**.

Any appeal from this decision by Javaherpour would be frivolous and not taken in good faith.  Any application by Javaherpour for leave to proceed on appeal *in forma pauperis* shall be denied pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a).

If Javaherpour timely files a notice of appeal from the judgment of this Court, such notice of appeal shall be treated as an application for a certificate of appealability which shall be denied pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b)(1) because he has not made a substantial showing of the denial of a constitutional right.

A separate judgment will be entered.

SO ORDERED.

ENTER this the 6th day April, 2007.


_____*/s/ R. Allan Edgar*_____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE